UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IN RE: MERIDIAN MEDICAL SYSTEMS, LLC,<br><br>　　　　DEBTOR<br><br>KENNETH CARR AND APPLIED THERMOLOGIC, LLC,<br><br>　　　　APPELLANTS<br><br>v.<br><br>JEFFREY CARR AND ROBERT ALLISON,<br><br>　　　　APPELLEES<br><br>v.<br><br>MERIDIAN MEDICAL SYSTEMS, LLC,<br><br>　　　　APPELLEE | CHAPTER 11<br>BK. CASE NO. 15-20640 PGC<br><br>ADVERSARY CASE NO. 15-2028<br><br><br><br><br><br><br><br>CIVIL NO. 2:16-CV-38-DBH |

DECISION AND ORDER ON APPELLANT'S MOTION FOR LEAVE
TO APPEAL FROM THE BANKRUPTCY COURT'S ORDER
DENYING HIS MOTION TO ABSTAIN AND REMAND

　　The debtor in this Chapter 11 bankruptcy matter removed a related state lawsuit from the Business and Consumer Docket in Cumberland County, Maine, to the federal Bankruptcy Court.  One of the parties to that removed lawsuit moved the Bankruptcy Court to abstain and remand the lawsuit back to the Business and Consumer Court.  The Bankruptcy Court denied the motion, and the moving party now requests leave to appeal the Bankruptcy Court's order if I conclude that his appeal is interlocutory.  In the alternative, he appeals as of

1

right from the Bankruptcy Court's order. I conclude that the appeal is interlocutory, and I **DENY** the motion for leave to appeal. The appeal is therefore **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

The debtor Meridian Medical Systems, LLC (MMS) is a closely-held company that was founded by Kenneth Carr (Kenneth[1]). Appellant's Mot. for Leave (ECF No. 2) at 2.[2] Until 2010, Kenneth owned 99% of MMS and served as Manager, Chairman, Chief Executive Officer, Treasurer, and Secretary. Id. In late 2010 and early 2011, Kenneth gave his son, Jeffrey Carr (Jeffrey), an ownership interest in MMS. Id. In 2011, Robert Allison (Robert) became a Member of the closely-held company. Id.

From 2010 to 2013, Kenneth made a significant number of personal loans to MMS with no specified time for repayment, and Kenneth provided consulting services on behalf of MMS, for which he is also owed money. Id. at 3; Adv. Proc. 1-5 at 17. Kenneth asserts that he is the largest unsecured creditor in MMS's Chapter 11 bankruptcy case, see Appellant's Mot. for Leave (ECF No. 2) at 3, but he has not yet filed a proof of claim. See D. 83, 92; Tr. of Hr'g, Bankr. Ct., Nov. 3, 2015 (ECF No. 13) at 7.

In 2013, Jeffrey and Robert removed Kenneth from his management positions with MMS. Adv. Proc. 1-1 at 5-6. Kenneth then formed another

---

[1] Because two of the parties have the same last name (Carr), I use first names to avoid confusion; I intend no disrespect in doing so.
[2] Citations to the main Bankruptcy Docket will be referenced by "D. __"; the adversary proceeding 15-2027 will be referenced by "I Adv. Proc. __"; the adversary proceeding 15-2028 regarding the motion to abstain and/or remand will be referenced by "Adv. Proc. __"; and the docket references in this court will be "ECF No. __."

2

competing company, Applied Thermologic, LLC (Applied Thermologic). Id. at 11. In 2014, MMS filed a complaint against Kenneth and his new company in the Maine Superior Court alleging breach of contract, misappropriation of trade secrets, conversion, breach of fiduciary duty, fraudulent concealment, and negligent misrepresentation. Id. at 14-21. The same day that MMS filed its complaint, it filed an application to transfer the state court matter to the Business and Consumer Docket, which was granted. Adv. Proc. 1-4, 3-3. Thereafter, Kenneth filed an answer and counterclaims against MMS and filed a third-party complaint against Jeffrey and Robert alleging breach of fiduciary duty, violation of Maine's LLC Act, breach of contract (including implied covenant of good faith and fair dealing), intentional infliction of emotional distress, and negligent infliction of emotional distress. Adv. Proc. 1-5, 1-6 at 6-11. Jeffrey and Robert, in turn, filed their answer and third-party counterclaims against Kenneth alleging much of the same. Adv. Proc. 3-11.

After over a year litigating in the Business and Consumer Court, in 2015 MMS filed in federal Bankruptcy Court a voluntary petition under Chapter 11 of the Bankruptcy Code. D. 1. MMS also filed a verified adversary complaint, seeking to extend the automatic stay to Jeffrey and Robert (MMS's managing Members) and to enjoin Kenneth from pressing his claims against Jeffrey and Robert in state court. D. 39; I Adv. Proc. 1. MMS also removed the state lawsuit to the Bankruptcy Court under 28 U.S.C.A. § 1452 (2010 & Supp. 2015). D. 38; Adv. Proc. 1. Kenneth then moved the Bankruptcy Court to abstain, arguing that abstention was mandatory under 28 U.S.C.A. § 1334(c)(2) (2010 & Supp. 2015), or, in the alternative, that the Bankruptcy Court should exercise its

3

discretion to abstain and remand the case to the Business and Consumer Court because it involved only state common and statutory law issues and "did not implicate any bankruptcy issues." Adv. Proc. 8. The Bankruptcy Court heard argument twice on Kenneth's motion to abstain and denied his motion from the bench. Tr. of Hr'g, Bankr. Ct., Nov. 3, 2015 (ECF No. 13); Tr. of Hr'g, Bankr. Ct., Nov. 17, 2015 (ECF No. 13-1) at 19; Adv. Proc. 21. The Bankruptcy Court also issued a written order denying Kenneth's motion to abstain, Adv. Proc. 26, and denied his motion for findings of fact and conclusions of law, Adv. Proc. 43. Kenneth timely filed his notice of appeal and his motion for leave to appeal the Bankruptcy Court's order with this court. ECF No. 1.

## JURISDICTION

As an appellate court, the district court is "duty-bound to determine . . . jurisdiction over this appeal before proceeding to the merits." In re Henriquez, 261 B.R. 67, 69 (B.A.P. 1st Cir. 2001). The District Court or the Bankruptcy Appellate Panel may hear appeals from "final judgments, orders, and decrees[,]" 28 U.S.C.A. § 158(a)(1) (2010 & Supp. 2015), or "with leave of the court, from other interlocutory orders and decrees[,]" id. § 158(a)(3). The appellant Kenneth elected to have his appeal heard by the District Court. Id. § 158(c)(1)(A); ECF No. 1 at 2.

## ANALYSIS

The first issue I must address is whether the Bankruptcy Court's order was final and therefore immediately appealable as a matter of right pursuant to 28 U.S.C.A. § 158(a)(1). The First Circuit definitively ruled on this issue in In re González, 795 F.3d 288 (1st Cir. 2015), cert. denied sub nom. Sitka Enters., Inc.

4

v. Miranda, 136 S. Ct. 587, 193 L. Ed. 2d 468 (2015). In that case, a plaintiff in a commonwealth court case in Puerto Rico moved the Bankruptcy Court to abstain from hearing a matter that the bankruptcy trustee had removed from commonwealth court to the Bankruptcy Court. Id. at 289. The Bankruptcy Court denied the motion to abstain, the District Court dismissed the appeal as a non-final order over which it did not have jurisdiction, and the First Circuit affirmed the dismissal. Id. at 289-92. The First Circuit's reasoning in González applies with equal force to the appellant's claim here:

> Under the general federal removal statute, this circuit treats an order refusing remand to state court in a diversity case as a non-final interlocutory order which is not immediately appealable. BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers, 132 F.3d 824, 829 (1st Cir. 1997). Other courts have reached the same conclusion in bankruptcy as to a refusal to abstain under [28 U.S.C.A.] § 1334(c)(2), noting that such a refusal "d[oes] not 'end[ ] the litigation on the merits and leave [ ] nothing for the court to do but execute the judgment.'" Beightol v. UBS Painewebber, Inc., 354 F.3d 187, 189 (2d Cir. 2004) (Sotomayor, J.) (second and third alterations in original) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 467, 98 S. Ct. 2454, 57 L.Ed.2d 351 (1978)); accord Schuster v. Mims (Matter of Rupp & Bowman Co.), 109 F.3d 237, 240–41 (5th Cir. 1997); see also Krasnoff v. Marshack (In re Gen. Carriers Corp.), 258 B.R. 181, 187 (9th Cir. BAP 2001) (collecting cases). We agree. A refusal to abstain "merely determine[s] where the case w[ill] be adjudicated; it d[oes] not resolve any of the substantive issues raised in the lawsuit." Beightol, 354 F.3d at 189; see also 1 Collier on Bankruptcy ¶ 5.08[5] (noting that "orders in which the merits are not determined" are generally not final).

Id. at 291 (alterations in original) (footnote omitted). Therefore, Kenneth's appeal here is interlocutory, and the issue is whether I should grant him leave to appeal.

Section 158 of Title 28 of the United States Code allows an appeal of an interlocutory order to be taken "with leave of the court[.]" 28 U.S.C.A. § 158(a)(3). Although section 158 provides discretionary authority to hear appeals of

5

interlocutory orders, it provides no express criteria to guide that discretion. See id. Consequently, "most courts utilize the same standards as govern the propriety of district courts' certification of interlocutory appeals to the circuit courts under [28 U.S.C.A.] § 1292(b)." In re Bank of New England Corp., 218 B.R. 643, 652 (B.A.P. 1st Cir. 1998); see In re Jackson Brook Inst., Inc. (Jackson Brook I), 227 B.R. 569, 579 (D. Me. 1998) (collecting cases). Under this standard, leave to appeal is appropriate for orders that concern (1) a controlling question of law, (2) for which there is a substantial ground for a difference of opinion, and (3) the immediate resolution of which may materially advance the ultimate resolution of the litigation. In re Flynn, 402 B.R. 437, 441 n.4 (B.A.P. 1st Cir. 2009); In re Bank of New England Corp., 218 B.R. at 652; Jackson Brook I, 227 B.R. at 581. "Courts have stated that interlocutory certification under section 1292(b), and thus leave to appeal under section 158(a)(3), should be used 'sparingly and only in exceptional circumstances.'" Jackson Brook I, 227 B.R. at 581 (quoting In re Kalian, 191 B.R. 275, 278 (D. R.I. 1996)). "However, courts have also reasoned that discretion under section 158(a)(3) is greater than that afforded under section 1292(b)[.]" Id. "[C]ourts have advocated for a more pragmatic and liberal approach in determining the appealability of bankruptcy court orders." Id. at 582.

The appellant (here, Kenneth) has the burden of convincing the district court that the motion for leave to appeal satisfies the three factors under section 158(a)(3). See Coopers & Lybrand v. Livesay, 437 U.S. 463, 474-75 (1978); Colón v. Blades, 2009 WL 3347627, at *5 (D. P.R. Oct. 14, 2009); see also In re Envtl. Careers Org., Inc., 2013 WL 936501, at *1 (D. Mass. Mar. 11, 2013).

On the first factor, the issue raised by Kenneth is a controlling question of law. Kenneth argues that the Bankruptcy Court erred in denying his motion to abstain because 28 U.S.C.A. § 1334(c)(2) dictates that a court *must* abstain if:

> (1) the motion [to abstain] is timely filed; (2) the proceeding is "based upon a State law claim or State law cause of action;" (3) the claim or cause of action is related to a bankruptcy case, but did not arise in or under the bankruptcy case (in other words, the claim or cause of action is non-core); (4) the only basis for original jurisdiction in federal court is the bankruptcy filing; (5) the State law claim or cause of action is the subject of "an action [that] is commenced . . . in a State forum of appropriate jurisdiction;" and (6) the State court action "can be timely adjudicated."

In re Med. Educ. & Health Servs., Inc., 474 B.R. 44, 50 (D. P.R. 2012) (quoting 28 U.S.C.A. § 1334(c)(2)). "If the bankruptcy court has determined the jurisdiction question incorrectly, the parties are threatened with the continuing injury of orders being entered over a long period of time by a court that lacks jurisdiction." Jackson Brook I, 227 B.R. at 582. Whether the Bankruptcy Court was required to abstain pursuant to section 1334(c)(2) is, therefore, controlling in this case. See id. ("This threat makes the question of whether the bankruptcy court should have abstained a controlling issue of law.")

I therefore proceed to the second factor: whether there is a substantial ground for a difference of opinion as to this controlling issue of law.[3] A substantial ground for a difference of opinion has been defined "as the rare case 'where the proposed intermediate appeal presents one or more difficult and

---

[3] The Second Circuit case the appellees cite, Parmalat Capital Fin. Ltd. v. Bank of Am. Corp., 639 F.3d 572 (2d Cir. 2011); Debtor's Opp'n to Kenneth Carr's Mot. for Leave to Appeal the Bankruptcy Court's Order Denying His Motion to Abstain and Remand (ECF No. 7) at 5 ("Appellees' Opp'n"), addresses the standard applied after a final judgment, not an interlocutory ruling. See id. at 578, 580 (discussing, after remanding the matter to the district court, what factors the court should consider to determine whether the matter could be "timely adjudicated" in state court).

pivotal questions of law *not settled* by controlling authority.'" In re Jackson Brook Inst., Inc. (Jackson Brook II), 280 B.R. 1, 6 (D. Me. 2002) (quoting McGillicuddy v. Clements, 746 F.2d 76, 76 n.1 (1st Cir. 1984)).  "[T]he fact that there is room for garden variety legal argument does not amount to substantial ground for difference of opinion."  Id. at 6 (internal quotation marks omitted).  "In determining whether an interlocutory appeal is warranted, the critical issue is whether there is a substantial ground for a difference of opinion with respect to issues of law raised by the parties; it is not whether the plaintiffs disagree with the court's ruling."  Hidalgo-Vélez v. San Juan Asset Mgmt., Inc., 2013 WL 1089745, at *5 (D. P.R. Mar. 15, 2013), vacated on other grounds, 758 F.3d 98 (1st Cir. 2014); see Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010) (agreeing with the district court's holding that "[a] party's strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference" and highlighting under the section 1292(b) factors that "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal" (internal quotation marks omitted)).[4]

As presented, this issue is puzzling.  Kenneth argues that the Bankruptcy Court treated the third-party complaint and third-party counterclaims as core proceedings and that there is a substantial ground for a difference of opinion

---

[4] Courts in the Second Circuit take a different approach and may find a substantial ground for a difference of opinion if the issue is difficult and of first impression.  See, e.g., In re Fairfield Sentry Ltd., 2011 U.S. Dist. LEXIS 106275, at *8-9 (S.D.N.Y. Sep. 19, 2011).  The First Circuit has not adopted this standard.  Because Kenneth has not framed the issue in his motion for leave as one of first impression, I need not decide whether such a standard is appropriate.

"concerning the proper interpretation of [section] 1334(c)(2) with respect to the third abstention factor—whether the claim or cause of action is related to a bankruptcy case, but did not arise in or under the bankruptcy case (in other words, the claim or cause of action is non-core)." Appellant's Mot. for Leave (ECF No. 2) at 6-7.  The appellees, however, concede that the third-party complaint and third-party counterclaims are *not* core proceedings, and state that the Bankruptcy Court did not conclude otherwise.  Appellees' Opp'n (ECF No. 7) at 4.  The appellees argue instead that the Bankruptcy Court properly denied the motion to abstain because abstention would "unduly prolong administration of the bankruptcy estate[,]" id. at 4 n.2, and therefore the state court action could not be "timely adjudicated" pursuant to 28 U.S.C.A. § 1334(c)(2), Adv. Proc. 16 at 8-11.

Kenneth has not shown a substantial ground for a difference of opinion on the question of mandatory abstention. The Bankruptcy Judge did not state a reason for denying the motion to abstain in either his written order or his November 17 bench ruling, but it is a fair inference from the transcript of the hearings on both November 3 and November 17 that he thought the issue was timely adjudication, not core or non-core proceedings.[5] Timely adjudication is an

---

[5] On November 17, when Kenneth's lawyer said, "I think we are squarely within mandatory abstention because these are proceedings that are described in the statu[t]e that related to but did not arise under or in the bankruptcy case[,]" Tr. of Hr'g, Bankr. Ct., Nov. 17, 2015 (ECF No. 13-1) at 18, the Bankruptcy Judge said, "Yep."  Id.  The judge also expressed his concern about timely adjudication at both hearings.  See, e.g., Tr. of Hr'g, Bankr. Ct., Nov. 3, 2015 (ECF No. 13) at 13 ("giving what I heard the case so far and my review of the pleadings so far, that this case cries out to be adjudicated somewhere quickly.  Otherwise, it will be a family battle that will go on and on . . . ."); id. at 18 ("I see this as a hotly, contested battle and but my concern is if I bifurcate it and keep part here and then part at the state court, it's just going to be a further mess."); Tr. of Hr'g, Bankr. Ct., Nov. 17, 2015 (ECF No. 13-1) at 13 ("maybe when I rule on the Motion to Abstain, you guys would figure out a way to only inconvenien[ce] the witnesses once"); id. at 17 ("I am persuaded by the argument of the Debtor, Jeffrey Carr and Alison and I'm

9

issue in determining both whether abstention is mandatory, see 28 U.S.C.A. § 1334(c)(2), and whether interlocutory appeal is appropriate ("materially advance the ultimate termination of the litigation[,]" In re Flynn, 402 B.R. at 441 n.4).  Kenneth has cited no decision—from this circuit or otherwise—that demonstrates a substantial difference among the courts with respect to determining whether a state court could timely adjudicate a third-party complaint and counterclaims.[6]

Moreover, I am unpersuaded that an immediate appeal from the Bankruptcy Court's order will materially advance the ultimate termination of the litigation, the third factor of the interlocutory appeal analysis.  It is clear from the posture of this case that these are highly contentious issues among litigants who are not always communicative with one another.  As the Bankruptcy Judge noted, "this case cries out to be adjudicated somewhere quickly."  Tr. of Hr'g, Bankr. Ct., Nov. 3, 2015 (ECF No. 13) at 13.  The interlocutory appeal would further delay proceedings in the Bankruptcy Court and subject the debtor to

---

prepared to deny the Motion to Abstain . . . ."). As Kenneth points out, the Bankruptcy Judge did say during the November 3 hearing, "I've not necessarily stated on the record that this court will move faster than state court[,]" but his next sentence was, "My guess is that this case as I've said before, cries out to somebody to take it over and move it forward, and if it can be done essentially that's wonderful."  Tr. of Hr'g, Bankr. Ct., Nov. 3, 2015 (ECF No. 13) at 23.  It is apparent from the remainder of both transcripts that the Bankruptcy Judge concluded that the most efficient adjudication would occur in the Bankruptcy Court.

[6] A Second Circuit case cited by the appellees says that the inquiry for timely adjudication asks "whether the state court proceeding would prolong the administration or liquidation of the estate."  Parmalat Capital Fin. Ltd., 639 F.3d at 581.  According to the Second Circuit:
> A matter cannot be timely adjudicated in state court if abstention and remand of the state law claims will unduly prolong the administration of the estate.  Thus . . . the close connections between the defendants in [the] action and the debtor, and the complexity of [the] litigation may suggest that remanding to the state court could slow the pace of litigation dramatically by leading to duplicative motions practice, repetitious discovery, and parallel adjudication of common issues.

Id. (alterations in original) (internal quotation marks omitted).  This case satisfies that standard.

more burden and expense at a time when all parties should be focusing on resolving the substantive issues facing the debtor and reorganization. See Appellees' Opp'n (ECF No. 7) at 5.

In sum, although the appellant Kenneth disagrees with the Bankruptcy Court's decision not to abstain and remand the lawsuit to the Business and Consumer Court, he has not persuaded me on two of the three factors under the standard for leave to appeal an interlocutory order.

## CONCLUSION

The motion for leave to appeal is **DENIED**, and the appeal is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

**DATED THIS 10TH DAY OF JUNE, 2016**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**